FILED ___ ENTERED
___ LODGED ___ RECEIVED

JUL 07 2017

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY ___ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>JOSEPH DANIEL HUDEK IV,<br><br>Defendant. | CASE NO. MJ17-284<br><br>**COMPLAINT**<br><br>Title 49, United States Code,<br>Section 46504 |

BEFORE the Honorable James P. Donohue, Chief United States Magistrate Judge, U.S. Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

## COUNT 1

**(Interference with Flight Crew Members and Attendants)**

On or about July 6, 2017, in the Western District of Washington, and elsewhere, the defendant, JOSEPH DANIEL HUDEK IV, on an aircraft in the special aircraft jurisdiction of the United States, namely, Delta Airlines flight #129, bound for Beijing, China, from Seattle, Washington, and diverted to and landing in Seattle, Washington, did knowingly interfere, and attempt to interfere, with the performance of the duties of a

COMPLAINT / U.S. v. Hudek - 1
Case No. MJ17-284

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

flight crew member and flight attendant of the aircraft, and lessen the ability of the member and attendant to perform those duties, by assaulting and intimidating the flight attendant and flight crew member.

All in violation of Title 49, United States Code, Section 46504.

And the complainant states that this Complaint is based on the following information:

I, Caryn J. Highley, being first duly sworn on oath, hereby depose and state as follows:

## AFFIANT BACKGROUND

1. I am assigned to the Seattle Division of the Federal Bureau of Investigation (FBI) and am a member of the Seattle Safe Streets Task Force (SSSTF), which focuses on gang-related, violent crimes, as well as Organized Crime Drug Enforcement Task Force matters. I am a law enforcement officer currently authorized to investigate and enforce violations of federal criminal statutes, including those found in Title 18, 21 and 49 of the United States Code. I have received basic law enforcement training at the 20-week FBI Academy. This training focused on various aspects of conducting criminal enterprise investigations such as interviewing and interrogation techniques, physical and electronic surveillance, development and management of confidential human sources, and arrest planning and execution.

2. The facts in this affidavit come from my personal observations, training and experience, and information obtained from other law enforcement officers and witnesses.

3. This affidavit is submitted for the limited purpose of establishing probable cause to believe that Defendant, JOSEPH DANIEL HUDEK IV, has committed the offense of Interference with Flight Crew Members and Attendants, in violation of Title 49, United States Code, Section 46504. I have not included every fact concerning this investigation. Rather, I have set forth the facts that I believe are necessary for a fair determination of probable cause.

COMPLAINT / U.S. v. Hudek - 2
Case No. MJ17-284

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## SUMMARY OF PROBABLE CAUSE

4. On July 6, 2017, shortly after 5:00 p.m., outbound Delta Airlines flight #129 departed from Seattle-Tacoma International ("Sea-Tac") Airport[1] destined for Beijing, China. Approximately 210 passengers and 11 flight crew members were on board the Boeing 767 aircraft. JOSEPH DANIEL HUDEK IV, a resident of Tampa, Florida, traveling on a Delta Airlines "dependent pass," was seated in seat 1D, in the first class cabin near the front of the plane. Prior to takeoff, HUDEK asked a Delta Flight Attendant, E.L.D., for a beer, which he was served. HUDEK did not have any additional alcoholic drinks in flight and, according to E.L.D., exhibited no signs of intoxication or impairment.

5. Approximately one hour into the flight, while the plane was over the North Pacific Ocean, northwest of Vancouver Island, Canada, HUDEK rose from his seat, 1D, and went into the forward galley area. HUDEK briefly entered the lavatory but exited quickly and asked E.L.D., located in the galley area, a question. HUDEK then went back into the lavatory. Approximately two minutes later, HUDEK exited the lavatory and lunged toward the forward right exit door of the aircraft, grabbed the handle, and attempted to open it. E.L.D. and another Delta Flight Attendant, D.S., grabbed HUDEK in an effort to subdue him and prevent his attempts to open the door. HUDEK pushed E.L.D. and D.S. away and continued to attempt to open the exit door.

6. E.L.D. signaled for help from several passengers looking up the aisle at the altercation and notified the cockpit via telephone of the emergency situation. The pilot notified the Federal Aviation Administration (FAA) of the threat and the plane was diverted back to Seattle, Washington.

7. D.S. continued to struggle with HUDEK during which HUDEK punched D.S. in the face. E.L.D. reported observing HUDEK punch D.S. twice in the face and hit at least one assisting passenger, L.B.A., in the head with a red dessert wine bottle.

---

[1] Sea-Tac Airport is located in SeaTac, Washington, within King County.

COMPLAINT / *U.S. v. Hudek* - 3
Case No. MJ17-284

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

8. Passenger L.B.A. witnessed HUDEK punch D.S. in the face, knocking D.S. to the ground. HUDEK then went back to the exit door attempting to pull it open. L.B.A. left his seat and tried to pull HUDEK away from the door of the plane. HUDEK turned, and with a closed fist, punched L.B.A. multiple times, striking L.B.A. in the left eye at least twice.

9. While L.B.A. continued to struggle with HUDEK, a flight attendant grabbed two wine bottles and struck HUDEK over the head with each, breaking at least one. According to E.L.D., HUDEK did not seemed impacted by the breaking of a full liter red wine bottle over his head, and instead shouted, "Do you know who I am?" or something to that extent.

10. At some point during the altercation, L.B.A. was able to place HUDEK in a head lock from behind; however, HUDEK was able to get himself out of the choke hold. Several additional passengers from the first class cabin joined the struggle and assisted in restraining HUDEK long enough for zip ties to be applied. However, HUDEK remained extremely combative, and multiple passengers were needed to restrain HUDEK and keep him restrained until the plane landed safely back at Sea-Tac Airport.

11. During interviews, multiple passengers stated they were in fear for their lives because they saw HUDEK using significant force to attempt to open the forward exit door. HUDEK was able to move the mechanism on the door and push the emergency release lever half way up to 90 degrees. E.L.D. described to Special Agent Highley, that the lever being at the 90 degree position would alert the pilot that the door was disarmed. E.L.D. further described that at a lower altitude, and with the door being disarmed as it was, it was possible that the door would open. As numerous passengers were continuing to restrain HUDEK right in front of the forward right door, E.L.D. had to provide instructions to one of the passengers on how to arm the door and bring the lever back to the locked position.

12. At approximately 7:10 p.m., Delta flight #129 landed at Sea-Tac Airport, where Port of Seattle Police Department (POSPD) officers boarded the plane and took

COMPLAINT / U.S. v. Hudek - 4
Case No. MJ17-284

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

custody of HUDEK. HUDEK remained combative and noncompliant with officers throughout the process.

13. All 210 passengers and crew members were deplaned. Flight attendant D.S. and passenger L.B.A. were immediately transported to Highline Wound Care Center in Seattle, Washington, due to severe facial injuries they sustained from HUDEK. Passengers who witnessed the incident were identified and interviewed, and photos were taken of the extensive damage to the forward galley area caused by the altercation. A photograph is attached as Exhibit 1.

## CONCLUSION

14. Based on the above facts, I respectfully submit that there is probable cause to believe that Defendant, JOSEPH DANIEL HUDEK IV, did knowingly and intentionally commit the offense of Interference with Flight Crew Members and Attendants, in violation of Title 49, United States Code, Section 46504.

_____
Caryn J. Highley, Complainant
Special Agent, Federal Bureau of Investigation

Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence, the Court hereby finds that there is probable cause to believe the Defendant committed the offense set forth in the Complaint.

Dated this 7th day of July, 2017.

_____
HON. JAMES P. DONOHUE
Chief United States Magistrate Judge

COMPLAINT / U.S. v. Hudek - 5
Case No. MJ17-284

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970